# EXHIBIT B

| | |
|---|---|
| **DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO**<br><br>1437 Bannock Street<br>Denver, Colorado 80202-5310<br>Telephone:  (720) 865-8301<br><br>**FRANK BONANNO, an individual; and BONANNO CONCEPTS INCORPORATED, a Colorado corporation,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**LEFT OF FRAME, LLC, a New York limited liability company; DAVID BROAD, an individual; and AARON COLUSSI, an individual,**<br><br>**Defendants.** | DATE FILED: May 16, 2017 3:55 PM<br>FILING ID: EC7182B5D2B7B<br>CASE NUMBER: 2017CV31795<br><br><br><br><br>▲ **COURT USE ONLY** ▲<br><br>Case No. :<br><br>Div.: |
| *Attorneys for Plaintiffs:*<br>Name:   SWEETBAUM SANDS ANDERSON PC<br>                Alan D. Sweetbaum #13491<br>Address: 1125 Seventeenth Street, Suite 2100<br>                Denver, CO 80202<br>Phone No.: (303) 296-3377<br>E-mail:    asweetbaum@sweetbaumsands.com | |
| **COMPLAINT** | |

Plaintiff FRANK BONANNO ("Bonanno") and Plaintiff BONANNO CONCEPTS INCORPORATED ("BC," and collectively with Bonanno, the "Plaintiffs"), through counsel, for their Complaint, state:

## GENERAL ALLEGATIONS

1. Bonanno is an individual who resides in the City and County of Denver, State of Colorado, and BC is a Colorado corporation with its principal place of business located in Denver, Colorado and doing business throughout the State of Colorado.

2. Aaron Colussi ("Colussi") is an individual residing in the State of Colorado.

3. David Broad ("Broad") is an individual residing in the State of New York.

4. Left of Frame, LLC, is a New York limited liability company, whose business and affairs are directed and controlled by Broad. ("Left of Frame," and collectively with Broad and Colussi, the "Defendants").

5. Bonanno is a well-known chef and restauranteur, who, directly or indirectly owns, operates, and manages over ten restaurants in the greater Denver area. The "Series," as defined below in Paragraph 7, depends heavily on Bonanno's local, regional and national reputation and persona.

6. The Defendants are engaged in the business of providing television and film production services, and have engaged in such services in the State of Colorado.

7. Prior to 2015, the Plaintiffs conceived of and developed a reality television series (the "Series") based on Bonanno's personal interactions with other chefs and food providers, mostly but not exclusively in the State of Colorado. The Series was titled "Chef Driven," and BC registered that name and the distinctive logo that BC created to go with it as a Trade Name and Trade Mark in the State of Colorado on or about February 6, 2015.

8. Plaintiffs have invested substantial amounts of time and substantial sums of money in developing and promoting the "Chef Driven" Series, including without limitation the creation of the web site for the Series (costing over $10,000), the development of its plot-lines, the establishment of contacts and relations with the other chefs and food providers who appear in the various episodes of the Series, and (especially important) the identification, solicitation, and securing of underwriting and other funding sources for the Series.

9. The first season of "Chef Driven" was produced prior to any involvement of the Defendants in the Series, and it was broadcast by Rocky Mountain Public Broadcasting during calendar year 2015. Episodes from that season are widely available on the Internet.

10. One or more of the Defendants were involved in the production of the second and third season of the Series  The episodes of these latter two seasons are hereafter collectively referred to as the "LOF Episodes."

11. The production services performed by the Defendants in connection with the LOF Episodes were performed almost entirely in the State of Colorado, including extensive pre-production activities, extensive filming (or shooting) of the LOF episodes, extensive post-production activities (including without limitation numerous "Voice Over Sessions," some of which were done at the Bonanno personal residence in Denver).

12. Several of the LOF Episodes have been broadcast and are available online.

13. The various understandings, arrangements and agreements of the parties relating to the LOF Episodes are embodied in (a) one undated agreement executed by Colussi on behalf of LOF; (b) the many subsequent emails among the parties; and (c) the contemporaneous and subsequent oral agreements among the parties. There is no single unified document that embodies all of the parties' understandings, arrangements and agreements.

14. Over the months since LOF became involved in the "Chef Driven" Series, the Defendants have provided some, but not all, of the production services that were contemplated by the parties to be performed by them. Many of the required services that were the responsibility of the Defendants were provided, performed, and/or paid for by the Plaintiffs. In particular, the Plaintiffs have loaned to the Defendants substantial sums of money to enable them to fulfill their production services and other obligations, including without limitation (a) $15,000 which Plaintiffs advanced to Colussi for expenses; (b) another $10,000 which BC advanced for the payment of Colussi's taxes; (c) $750 which Plaintiffs paid for the procurement of certain music rights for the Series; and (d) $8,000 which Plaintiffs paid for the costs of a trip to Mexico for the shooting of an episode of the Series there.

15. The Defendants at various times have acknowledged their indebtedness to the Plaintiffs but have failed to pay their indebtedness to them.

16. The Defendants have also refused to provide to the Plaintiffs a full and proper accounting of the costs, expenses, revenues, and income from the LOF Episodes, preventing the division of revenues as contemplated and agreed-to by the parties.

17. Although the Plaintiffs and the Defendants both participated in the authorship and the creation of the LOF Episodes, the Defendants have asserted exclusive ownership of the copyright for the LOF Episodes and have further asserted other rights relating to the Series which they do not own. Except for whatever rights they may have in the LOF Episodes, the Defendants own no other intellectual property or any other rights whatsoever with respect to the "Chef Driven" Series, including, without limitation the name, logo, trade mark and tradename of "Chef Driven."

18. Due to Defendants failure to perform their obligations with respect to the LOF Episodes, Plaintiffs have decided to move forward with subsequent seasons of the Series without using the services of the Defendants. Nothing in the existing understandings, arrangements and agreements of the parties required Defendants to perform any services for Plaintiffs in connection with subsequent seasons of the Series, nor required Plaintiffs to engage Defendants to provide any services in connection with subsequent seasons of the Series.

19. One or more of the Defendants have solicited a chef other than Bonanno to host the "Chef Driven" Series in the future, and have solicited underwriting and sponsorships based thereon; and in doing so have misrepresented that the Defendants have rights to the "Chef Driven" Series which they do not have.

20. Jurisdiction and venue are proper in this Court in that the services which are the subject of this action were contracted for and performed (or to be performed) in the State of Colorado.

### FIRST CLAIM FOR RELIEF
**(Breach of Contract)**

21. The Plaintiffs incorporate Paragraphs 1 through 19 above as though fully set forth herein.

22. The Defendants have materially and substantially breached their agreements with the Plaintiffs by failing to pay to the Plaintiffs the amounts due thereunder, and by falsely claiming rights in the "Chef Driven" Series which they do not own.

23. The Defendants have further breached their agreements with the Plaintiffs by refusing to provide a full and proper accounting of the costs, expenses, revenues, and income from the LOF Episodes, preventing the division of revenues from those episodes as contemplated and agreed to by the parties.

24. Plaintiffs are entitled to and seek an accounting to determine the amounts owed to them from LOF.

25. The Plaintiffs have suffered damages for such breaches in amounts to be determined at trial.

## SECOND CLAIM FOR RELIEF
(Accounting)

26. The Plaintiffs incorporate Paragraphs 1 through 25 above as though fully set forth herein.

27. Defendants have failed and refused, despite prior demand, to provide accurate statements of the costs, expenses, revenues, income and other financial activities associated with the LOF Episodes. Such failure prevents the division of revenues from those episodes as contemplated and agreed to by the parties.

28. Plaintiffs are entitled to an accounting of all costs, expenses, revenues, income and other financial activities associated with the LOF Episodes.

## THIRD CLAIM FOR RELIEF
(Violation of Intellectual Property Rights)

29. The Plaintiffs incorporate Paragraphs 1 through 28 above as though fully set forth herein.

30. The Defendants have materially and substantially violated the Plaintiffs' intellectual property and related rights, including without limitation the Plaintiffs' rights to its registered Trade Name and Trade Mark.

31. Defendants are liable to Plaintiffs in damages, in amounts to be proven at trial.

## FOURTH CLAIM FOR RELIEF
(Permanent Injunction)

32. The Plaintiffs incorporate Paragraphs 1 through 31 above as though fully set forth herein.

5

33. Defendants should be permanently enjoined from violating or interfering with the Plaintiffs' intellectual property and related rights.

34. Defendants should be permanently enjoined from claiming they have any intellectual or other property rights with respect to the "Chef Driven" Series, except to the limited extent that they may have limited rights in the LOF Episodes only.

35. Money damages will not adequately compensate the potential damage to Plaintiffs.

WHEREFORE, the Plaintiffs seek an accounting, damages and injunctive relief, together with interest, fees and costs as may be provided under applicable laws, as well as such other relief as may be proper in the circumstances.

Dated this 16th day of May, 2017.

Respectfully submitted,

_s/Alan D. Sweetbaum_____
Alan D. Sweetbaum

Address of Plaintiffs:
701 Grant Street
Denver, Colorado 80203